| DISTRICT COURT OF THE VIRGIN ISLANDS |
| :---: |
| DIVISION OF ST. CROIX |

MARINA RIVERA,

                         **Plaintiff,**          2005-CV-0076

    v.

KMART CORPORATION,

                         **Defendant.**

TO:    Lee J. Rohn, Esq.
         Wilfredo A. Geigel, Esq.

## ORDER

THIS MATTER came before the Court upon Defendant's Motion to Compel Discovery and For Extension of Discovery Deadlines (Docket No. 64). Plaintiff filed an opposition to said motion, and Defendant filed a reply thereto.

Local Rule of Civil Procedure 37.1 explicitly states, "Prior to the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37 . . . counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." LRCi 37.1. As the instant motion is brought pursuant to Fed. R. Civ. P. 37 and involves a discovery dispute, it falls within the purview of LRCi 37. Rule 37.2 continues, "If counsel are unable to resolve all of their differences, they shall

*Rivera v. Kmart Corp.*
2005-CV-0076
Order
Page 2

formulate and sign a written stipulation to that effect, expressly certifying their compliance with LRCi 37.1." LRCi 37.2.

In the present matter, Defendant filed a bare motion, not a joint stipulation. Rule 37.2(c) specifically provides:

> The Court will not consider any discovery motion in the absence of (1) the signed stipulation and certification required by LRCi 37.2(a), or (2) a declaration from counsel for the moving party establishing that opposing counsel:
>
> (1) failed to confer in a timely manner after receipt of a letter requesting a conference under LRCi 37.1; or
>
> (2) refused to sign the stipulation and certification required by LRCi 37.2(a).

LRCi 37.2(c). The Court accepts Defendant's contention that opposing counsel failed to meet and confer after receiving a letter requesting the same.

The Court entered a Seventh and Final Scheduling Order (Docket No. 54) in this matter on December 3, 2008. In paragraph numbered 2 of said Order, the parties were ordered to "cooperate in scheduling any requested independent medical examination(s) of the Plaintiff by that date." Order at 1. By correspondence dated December 10, 2008, Defendant requested Plaintiff's attendance at an examination scheduled for January 27, 2009 (a copy of the letter is filed with the said motion as Attachment #1). Consequently,

*Rivera v. Kmart Corp.*
2005-CV-0076
Order
Page 3

Plaintiff had at least six (6) weeks within which to respond. After the January date passed, Defendant attempted to schedule Plaintiff's examination for February 23, 2009, by correspondence dated February 19, 2009 (a copy of the correspondence is filed with the said motion as attachment #2). While not allowing Plaintiff quite as much time to respond, in Defendant's defense, they were attempting to work within the March 10, 2009, deadline for expert reports. *See* Seventh and Final Scheduling Order (Docket No. 54) at 1, para. 2. Plaintiff never responded.

The Court finds that Plaintiff, in contravention to the Seventh and Final Scheduling Order, failed to cooperate in the scheduling of Plaintiff's independent medical examination. Consequently, the Court finds that any delay in the filing of Defendant's expert reports is due to Plaintiff's noncooperation. The Court finds that Defendant is entitled to Plaintiff's examination to be conducted April 29, 2009, and has demonstrated good cause to extend the expert deadlines.

Accordingly, it is now hereby **ORDERED**:

1. Defendant's Motion to Compel Discovery and For Extension of Discovery Deadlines (Docket No. 64) is **GRANTED**.

2. Plaintiff shall make herself available for an independent medical examination with Dr. Orlando Fernandez on **April 29, 2009**.

*Rivera v. Kmart Corp.*
2005-CV-0076
Order
Page 4

    3.    Defendant shall file its expert reports on or before **May 12, 2009**.

    4.    Expert depositions shall be completed on or before **May 26, 2009**.

    5.    All dispositive motions, including *Daubert* motions, shall be filed on or before **June 17, 2009**.

    6.    All other deadlines contained in the Seventh and Final Scheduling Order (Docket No. 54) shall remain in full force and effect.

ENTER:

Dated: March 30, 2009

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE